UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


CAMPBELL ET AL.                          CIVIL ACTION

VERSUS                                   NO: 06-9068

TRAVELERS INSURANCE                      SECTION: "R"(2)


## ORDER AND REASONS

Before the Court is defendant Standard Fire Insurance Company's motion to dismiss plaintiffs' petition for lack of proper plaintiff.[1]  Plaintiffs have not filed an opposition to the motion.  For the following reasons, the Court GRANTS defendant's motion to dismiss.


**I.    BACKGROUND**

Plaintiffs, Nicholas M. Campbell and Julia D. Campbell, sued defendant in state court on August 28, 2006. (R. Doc. 1-2).

_____

[1] Plaintiffs incorrectly named Standard Fire as Travelers Insurance in their complaint.

Plaintiffs allege that they sustained extensive damage to their home in New Orleans as a result of flooding caused by Hurricane Katrina.  Plaintiffs seek damages from defendant including special and punitive damages for arbitrary and capricious failure to timely and properly adjust their loss, in violation of La. Rev. Stat. §§ 22:658 and 22:1220. (*Id.*).  Standard Fire removed the case to this Court on October 26, 2006. (R. Doc. 1).

After a number of difficulties obtaining plaintiffs' initial disclosures and responses to discovery, defendant filed a motion to compel discovery responses on October 2, 2007. (R. Doc. 10). On October 24, 2007, Magistrate Judge Wilkinson granted the motion to compel and ordered plaintiffs to provide responsive documents within ten days. (R. Doc. 11).  Plaintiffs provided Standard Fire with the discovery responses on November 29, 2007. (Lueck Decl. ¶ 30 & Exh. K, R. Doc. 15-3, 15-5).  The responses were from "Plaintiffs, THE SUCCESSIONS OF NICHOLAS M. AND JULIA D. CAMPBELL." (Lueck Decl. Exh. K).  They were not verified by plaintiffs, but rather were signed by their counsel, and made clear that the named plaintiffs were in fact already deceased. (*Id.*).  The next day, Dennis Lueck, *Jr.*, counsel for defendant, called plaintiffs' counsel who informed him that both plaintiffs were deceased, and had died before she filed their complaint. (Lueck Decl. ¶ 34).

## II.  ANALYSIS

The deceased plaintiffs are not proper party plaintiffs. Federal Rule of Civil Procedure 17(b) provides that "[c]apacity to sue or be sued is determined ... by the law of the individual's domicile." Fed. R. Civ. P. 17(b).  Federal law therefore relies on state law to determine if a party can be named as a defendant to a lawsuit.  Louisiana law does not allow suits by or against the deceased. *See, e.g., Magee v. Stacey*, 223 So. 2d 194, 195 (La. App. 1969) (noting that it is "established jurisprudence that judgment cannot be rendered for or against a deceased person"). *See also Adelsberger v. United States*, 58 Fed. Cl. 616, 618 (Fed. Cl. 2003) ("The question presented is whether an action can be initiated in the name of a deceased person.  We think the answer is plainly, 'no.'"); *Banakus v. United Aircraft Corp.*, 290 F. Supp. 259, 260 (S.D.N.Y. 1968) ("An action cannot be brought by a deceased.").

Although plaintiffs have not filed an opposition, defendant indicates that plaintiffs' counsel claims that she represents the "heirs" of plaintiffs and the succession of Julia Campbell. (Lueck Declaration ¶ 35).  Plaintiffs' counsel, however, has not moved to amend the complaint or substitute any parties.  The Court finds that such an effort would likely be futile, anyway. The Fifth Circuit has explained that Rule 25 allows substitution

3

for a deceased party when the individual was properly made a party before his or her death. *See Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969); Fed. R. Civ. P. 25(a)(1).  The Rule is inapplicable when the deceased party predeceased the initiation of the litigation. *Id*.  Accordingly, plaintiff cannot seek to use Rule 25 to substitute parties in this action.

Further, there is no evidence before the Court that a valid succession exists whose representative could be substituted for the deceased plaintiffs, even if permitted by the Federal Rules. *See State v. Estate of Davis*, 572 So.2d 39, 42 (La. 1990) (the proper party in a suit involving the succession's interests is the succession's representative); La. Code Civ. P. art. 734. Under Louisiana law, "a succession is no more of a person or legal entity than a deceased human being." *Succession of Wallace*, 574 So.2d 348, 358 (La. 1991).  A succession is a process--the transmission of an estate to the deceased's successors. La. Civ. Code art. 871.  Plaintiffs' counsel filed suit in their names, not in the name of a proper succession's representative.


## III. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss for lack of proper plaintiff.

4

New Orleans, Louisiana, this <u>14th</u> day of January, 2008.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE